## DE GRAFFENREID v. YOUNT–LEE OIL CO. et al. *

Circuit Court of Appeals, Fifth Circuit. February 15, 1929.

No. 5499.

R. H. Ward, of Houston, Tex., for appellant.

Beeman Strong, R. E. Masterson, and Will E. Orgain, all of Beaumont, Tex., and H. E. Kahn, of Houston, Tex. (Beeman Strong, E. L. Nall, J. L. C. McFaddin, R. E. Masterson, and Orgain & Carroll, all of Beaumont, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellant, a citizen of New York, filed in the court below her bill in equity, against Yount-Lee Oil Company, a Texas corporation, sundry individuals who are citizens of Texas, and other individuals who, respectively, are citizens of Oklahoma, Louisiana, and Arkan-

sas. There was no claim that the court had jurisdiction on a ground other than diversity of citizenship. The bill contained allegations to the following effect: Plaintiff is the owner of a stated undivided interest, of a value in excess of $3,000, in described land and oil therein or extracted therefrom. The Yount-Lee Oil Company owns a stated undivided interest in that land and oil therein, is in possession of that land, claiming to be the sole owner thereof and of the oil therefrom, and has committed waste by taking oil from that land and converting the oil to its own use. The individual defendants own stated undivided interests in that land and the oil therefrom. The plaintiff concedes that the interests in said land and oil therefrom of named individual defendants who are citizens of Texas are as those individual defendants claim their interests to be, and that there is no controversy between plaintiff and such named individual defendants as to the interests in said land and oil therefrom of plaintiff and those individual defendants.

The bill contained prayers to the effect that plaintiff be decreed to be the owner of her alleged interest in said land, and in the oil produced and taken therefrom by Yount-Lee Oil Company, and the following: "That there be a decree determining the interest of each and all of the defendants herein as well as the said interests of plaintiff in the land in controversy, and the oil taken therefrom by any of the defendants, and that an accounting be had, by and between all the parties to this suit, and that for this purpose said accounting be referred, if it meets the approval of this Court, to a Master in Chancery, or Auditor, giving and vesting in such persons all the power and authority of such persons agreeable to the customs and procedure of the Court in such matters."

By an answer filed the same day the bill was filed, individual defendants who are citizens of Texas admitted all allegations of the bill, and joined in the bill's prayers for relief. Separate motions to dismiss the bill were filed by Yount-Lee Oil Company and by some of the individual defendants. Those motions were based upon the ground, among others, that the bill upon its face shows that some of the individual defendants named therein who are citizens of Texas are claiming interests in the land described on identical grounds on which plaintiff claims her alleged interest therein, and that in a controversy shown by the averments of the bill those individuals are on the same side as the plaintiff and are opposed to movants, who also are citizens of Texas. By the decree appealed from these motions were sustained, and the bill was dismissed for lack of jurisdiction.

Averments of the bill and its prayers for relief show that the suit was one for relief in favor of the plaintiff, a citizen of New York, and some of the individuals named as defendants who are citizens of Texas, against other defendants who also are citizens of Texas. The situation would not have been substantially different if, instead of the bill naming as defendants individuals between whom and plaintiff the bill shows there is no controversy and those individuals by answer admitting the bill's allegations and joining in its prayers for relief, those individuals had been joined as plaintiffs in the bill. From the beginning they were beneficially interested in the granting of relief sought by the bill, and were on the same side with plaintiff in the only controversy to which, as shown by the bill, they were parties. The suit is substantially one by and for the benefit of citizens of Texas against other citizens of the same state. Blacklock v. Small, 127 U. S. 96, 8 S. Ct. 1096, 32 L. Ed. 70.

■■ Where diversity of citizenship is the sole ground of jurisdiction, the parties will be aligned in accordance with their real interest in the controversy, and if, upon such alignment, there is no diversity of citizenship between parties on opposite sides of the controversy, the suit will be dismissed. Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U. S. 77, 41 S. Ct. 39, 65 L. Ed. 145; Pacific Railroad v. Ketchum, 101 U. S. 289, 299, 25 L. Ed. 932; Berg v. Merchant (C. C. A.) 15 F.(2d) 990. Though the appellant, on the state of facts alleged, might have been entitled to relief in a suit in which individuals with whom she had no controversy were not made parties, an effect of appellant joining those individuals as parties to her suit is that they must be arranged upon the side on which they belong. Lee v. Lehigh Valley Coal Co., 267 U. S. 542, 45 S. Ct. 385, 69 L. Ed. 782. A result of so arranging the parties is that citizens of Texas are on opposite sides of a controversy disclosed by the bill. This being so, the suit was properly dismissed. The decree appealed from is modified by making it without prejudice to the right of the appellant to sue in the court below, or in other court having jurisdiction, for the enforcement of her asserted rights in the subject-matter of the suit.

As so modified, that decree is affirmed.