**EDWARDS et al. v. GLASSCOCK et al.**
**No. 7998.**

Circuit Court of Appeals, Fifth Circuit.
Aug. 10, 1937.

626

Stanley Boykin, of Fort Worth, Tex., and Merrick A. Whipple, of Tulsa, Okl., for appellants.

Webster Atwell, Roy C. Ledbetter, Henry Yeager, and J. Hardy Neel, all of Dallas, Tex.; Otis Rogers and R. M. Rowland, both of Fort Worth, Tex., and Thomas Y. Banks, of San Antonio, Tex., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This suit was brought by J. C. Edwards and C. P. Chumley, alleging themselves to be citizens of Oklahoma, against Lonnie Glasscock, Quad Corporation, Blanche A. Duncan, G. C. Dunn, R. M. Rowland, Magnolia Petroleum Company, and Southern Oil Refining Company, alleged to be citizens of Texas, and Marine Corporation, alleged to be a citizen of Delaware.

The bill is inartificially drafted and lengthy. Many allegations are conflicting and some are immaterial. Analyzing it as best we can, the material allegations may be somewhat briefly stated. T. H. P. Duncan was the owner of an oil and gas lease on some twenty-one acres of land in Gregg county, Tex. He assigned undivided interests of $\frac{6}{7}$ of said lease as follows: to Edwards, $\frac{2}{250}$, to Chumley, $\frac{1}{250}$, and the remaining $\frac{247}{250}$ to various persons, whose names are alleged to be unknown to plaintiffs. It was intended and agreed between Duncan and the assignees that their interests would not be charged with any overriding royalty. The suit was brought on behalf of Edwards and Chumley and on behalf of all others having any interest in the above-described lease and assignments, who might choose to come in and contribute to the expense of the suit.

Duncan, Rowland, Glasscock, and Dunn entered into a conspiracy for the purpose of defrauding plaintiffs and their cotenants owning the remaining $\frac{247}{250}$ undivided interests in the lease. In pursuance of the conspiracy, the following acts were done: Duncan conveyed to Lonnie Glasscock all his interest in the lease. Later, Glasscock acquired an $\frac{11}{250}$ of $\frac{6}{7}$ of the lease from G. R. Yantis. Duncan gave G. C. Dunn a written option to purchase all his interest in the lease and Duncan also acquired $\frac{5}{250}$ interest from H. A. Maley but caused the assignment to be executed by Maley to D. Leonard Donohue. A suit was instituted in the district court of Dallas county, Tex., by Glasscock, in which suit Dunn was appointed receiver. Donohue intervened in that suit. The suit was fraudulent and collusive and the said court was without jurisdiction over the parties or the subject matter. Dunn is operating the property as receiver and has produced large quantities of oil and gas, some in excess of the amount allowable under the proration laws of Texas, which he comingled in tanks with oil belonging to Quad Corporation and Marine Corporation and sold it to Southern Oil Refining Company and Magnolia Petroleum Company. Dunn has accounted in the receivership for only the legal oil produced. Dunn has an interest in the lease held in the names of Glasscock, Quad Corporation, and Donohue.

Blanche A. Duncan is the sole heir of T. H. P. Duncan, deceased, and claims an interest in the lease. The claims of Glasscock, Quad Corporation, and Blanche A. Duncan cast a cloud upon plaintiffs' title and that of their cotenants, similarly situated. Plaintiffs, alleging peaceful possession of the lease through Dunn, attempt to state a separate cause of action to quiet title against Blanche A. Duncan, Glasscock, and Quad Corporation but the prayer is general.

The prayer, inter alia, was for a decree declaring Edwards and Chumley to

be owners of the undivided shares in the lease as claimed and quieting them in their title as against, all the defendants; that the proceedings in the district court of Dallas county be declared coram non judice and void; for an injunction against the various defendants to prohibit the further prosecution of that suit; for the appointment of a receiver by the federal court to take over the property; and for an accounting from the defendants above named. It is unnecessary to refer to other relief prayed for.

Blanche A. Duncan answered, admitting various allegations of the bill, disclaiming any interest in the lease as heir of T. H. P. Duncan but claiming an undivided $^{45}\!/_{250}$ interest in $^{5}\!/_{7}$ of the lease by assignments from the assignees of Duncan, and prayed that her title be quieted, and that all parties asserting any adverse claim be perpetually enjoined.

O. G. Halliburton, a citizen of Texas, also intervened, claiming an undivided interest of $^{10}\!/_{250}$ of $^{5}\!/_{7}$ of the lease, and prayed for the same relief as plaintiffs.

Motions were filed to have Blanche A. Duncan and Halliburton aligned as plaintiffs and to dismiss the bill on the ground that both of them were citizens of Texas and the court was without jurisdiction for want of diversity of citizenship. These motions were sustained and the suit was dismissed.

It would serve no good purpose to discuss the contentions of appellants or the elaborate argument in support of them as the issue presented is clear. Plaintiffs allege separate and distinct interests in the property and not a joint cause of action. Nor had the court ancillary jurisdiction by reason of legal custody of the res. If the District Court had jurisdiction at all, it was solely on the ground of diversity of citizenship. It is elementary that, in order to sustain jurisdiction based on diversity of citizenship, all the parties on one side must be citizens of different states from all the parties on the other side. Conceding that the bill when filed sufficiently alleged diversity of citizenship to show jurisdiction, it was the duty of the District Court to dismiss the suit if at any time after it was brought it should appear the suit did not really and substantially involve a controversy properly within its jurisdiction. Section 37, Jud.Code (28 U.S.C.A. § 80).

Blanche A. Duncan was a citizen of Texas when the suit was filed. With one exception, defendants were also citizens of Texas. It was the duty of the District Court to look beyond the pleadings and arrange the parties according to their actual sides in the dispute. Dawson v. Columbia Trust Co., 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713. Blanche A. Duncan, by disclaiming any interest by inheritance from T. H. P. Duncan and by praying for practically the same relief as plaintiffs, became in fact a party plaintiff and should be so aligned. Since she was made a party to the suit by plaintiffs and her interests are the same as theirs, which interests must be considered and determined by the court, she is to be deemed a proper and necessary party. The District Court was without jurisdiction to entertain the cause for want of diversity of citizenship. Gaddis v. Junker (D.C.) 27 F.(2d) 156; De Graffenreid v. Yount-Lee Oil Co. (C.C.A.) 30 F.(2d) 574; Mitchell v. Maurer, 293 U.S. 237, 55 S. Ct. 162, 79 L.Ed. 338.

However, we consider the judgment should be modified to be without prejudice to another suit in a court of competent jurisdiction. As so modified, the judgment appealed from is affirmed.