### WICHMAN v. R. H. MILLER TEXAS CORPORATION et al.

### Civ. A. No. 3057.

United States District Court
S. D. Texas, Houston Division.

Jan. 15, 1948.

G. H. Stubblefield and Vick Gould of Houston, Texas, and Charles Ralph Johnston, of Chicago, Ill., for plaintiff.

T. E. Mosheim and Devereaux Henderson, of Houston, Texas, for defendants.

KENNERLY, District Judge.

This is a suit in personam by Plaintiff, Lennis W. Wichman, who alleges that he is a resident citizen of the State of Illinois, against R. H. Miller Texas Corporation (for brevity called Corporation), who Plaintiff alleges is a corporation incorporated under the Laws of the State of Indiana, and Ralph Howard Miller and Ralph E. Morgan, who Plaintiff alleges are resident citizens of the State of Indiana, and William H. Lee, who Plaintiff alleges is a resident citizen of the State of Illinois.

Corporation has appeared specially to raise the question of the jurisdiction of the Court and to move to quash purported service of summons on it by the Marshal of this District on November 22, 1947. Ralph E. Morgan and William H. Lee have also appeared specially to raise the question of the jurisdiction of the Court and to move to quash purported service of summons on them by the Marshal of this District on November 22, 1947.

The Record shows:—

(a) That Corporation, organized under the laws of Indiana, has a permit to do business in Texas, dated June 7, 1947, and that F. F. Bokern, whose address is 1404 Republic Bank Building, Dallas, Texas, has been designated as the person upon whom process against Corporation may be served.

(b) In plaintiff's Complaint, it is alleged that Corporation on or about July 15, 1947, was engaged in the erection and sale of dwelling houses in and near Lake Jackson in Brazoria County, Texas, in the Galves-

124

ton Division of this District, and that Plaintiff loaned Corporation the sum of $5000, which is due to be, but has not been, repaid, and it is claimed that Defendants Ralph Howard Miller, Ralph E. Morgan and William H. Lee, officers of Corporation, have become individually liable to repay same to Plaintiff.

(c) Plaintiff prays Judgment against all Defendants in the sum of $5000, with interest, and in the sum of $5000 as exemplary and punitive damages for the "willful and malicious acts of Defendants," etc.

(d) Summons for Corporation issued November 21, 1947, and was served at Houston November 22, 1947, by the Marshal of this District delivering a copy thereof to Ralph E. Morgan, Secretary and Treasurer of Corporation. The Motion of Corporation sets forth the circumstances of the delivery of such copy of Summons to Morgan as Secretary and Treasurer as follows:-

"The Plaintiff's complaint alleges that this Defendant is a corporation organized and existing under the laws of the State of Indiana, which allegation is true. The only summons attempted to be served on this Defendant was served in the following manner, to wit: while Ralph Morgan, an officer of this Defendant, was temporarily in the State of Texas on personal business, his airplane was grounded in Houston, Harris County, Texas, by reason of weather conditions. As a result of the grounding of his airplane, he procured a room at the Rice Hotel for the night of November 22, 1947, and while in said room, the United States Marshall or his Deputy handed to the said Ralph Morgan a summons to which was attached a copy of Plaintiff's Original Complaint. The said Ralph Morgan is not a transient person and is not a resident of the State of Texas, but has a fixed residence and place of abode in the State of Indiana; he was not at the time of the attempted service upon him, engaged in carrying on any business on behalf of this Defendant, and his presence in Texas was not occasioned by his duties as an officer of this Defendant. The attempted service of summons upon this Defendant in the manner above described is therefore insufficient to require it to answer herein."

(e) Summons for Ralph E. Morgan issued November 21, 1947, and was served at Houston November 22, 1947, by the Marshal of this District delivering a copy thereof to Ralph E. Morgan. The Motion of Morgan sets forth the circumstances of the delivery of such copy of Summons to him as follows:-

"Said complaint alleges that this defendant is a citizen and resident of the State of Indiana and as a matter of fact, this defendant is a citizen and resident of said State of Indiana. The only summons attempted to be served on the defendant, Ralph E. Morgan, was served in the following manner, to wit: While the said Ralph E. Morgan was temporarily in the State of Texas on personal business, his airplane was grounded in Houston, Harris County, Texas, by reason of weather conditions. As a result of the grounding of his airplane, he procured a room at the Rice Hotel for the night of November the 22nd, 1947, and while in said room, the United States Marshal or his Deputy handed to the said defendant, Ralph E. Morgan, a summons to which was attached a copy of plaintiff's original complaint. This defendant is not a transient person and is not a resident of the State of Texas, but has a fixed residence and place of abode in the State of Indiana and attempted service of summons upon him in the manner above described is therefore insufficient to require him to answer herein."

(f) Summons for William H. Lee issued November 21, 1947, and was served at Houston November 22, 1947, by the Marshal of this District delivering a copy thereof to William H. Lee. The Motion of Lee sets forth the circumstances of the delivery of such copy of Summons to him as follows:-

"Said complaint alleges that this defendant is a citizen and resident of the State of Illinois and as a matter of fact, this defendant is a citizen and resident of said State of Illinois. The only summons attempted to be served on the defendant, William H. Lee, was served in the following manner, to wit: While the said William H. Lee was temporarily in the State of Texas on personal business, his airplane was grounded in Houston, Harris County,

Texas, by reason of weather conditions. As a result of the grounding of his airplane, he procured a room at the Rice Hotel for the night of November the 22nd, 1947, and while in said room, the United States Marshal or his Deputy handed to the said defendant, William H. Lee, a summons to which was attached a copy of plaintiff's original complaint. This defendant is not a transient person and is not a resident of the State of Texas, but has a fixed residence and place of abode in the State of Illinois and attempted service of summons upon him in the manner above described is therefore insufficient to require him to answer herein."

1:- It is perfectly plain that this Court did not acquire jurisdiction of this case by the filing on November 21, 1947, of Plaintiff's Complaint, and that this Court is without jurisdiction of this case. It has long been the Law that to sustain the jurisdiction in a Federal Court based on diversity of citizenship, all parties on one side must be citizens of different states from all parties on the other side. While it is true that it is the duty of the Court to rearrange the parties in order to sustain the jurisdiction, there can be no rearrangement in this case as all Defendants have been properly named as Defendants. It follows that the case must be dismissed for want of jurisdiction. Treinies v. Sunshine Min. Co., 308 U.S. 66, 71, 60 S.Ct. 44, 84 L.Ed. 85; Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435; Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997; Hooe v. Jamieson, 166 U.S. 395, 17 S.Ct. 596, 41 L.Ed. 1049; Dawson v. Columbia, 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713; Niles-Bement Co. v. Iron Moulders Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145; Edwards v. Glasscock, 5 Cir., 91 F.2d 625, 626; DeGraffenreid v. Yount-Lee Oil Co., 5 Cir., 30 F.2d 574.

2:- Since the Court is without jurisdiction, it is unnecessary to pass upon the question of whether the purported service of process on corporation, Morgan, and Lee should be quashed.

Let Order, dismissing the case for want of jurisdiction, be drawn and presented.