Mary B. ERMENTROUT, Appellant,

v.

COMMONWEALTH OIL COMPANY
et al., Appellees.

No. 15098.

United States Court of Appeals,
Fifth Circuit.

March 22, 1955.

Rehearing Denied April 27, 1955.

---

Hal P. Dekle, M. Lewis Hall, and Hall, Hedrick & Dekle, Miami, Fla., for appellant.

Thomas H. Anderson, Herbert L. Nadeau (of Anderson & Nadeau), Miami, Fla., for appellees, Commonwealth Oil Co. et al.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a final judgment entered on March 8, 1954, dissolving a temporary injunction previously granted and dismissing appellant's amended complaint. Only one of the ten defendants named in the court below has appeared as an appellee in this Court. Briefly, the facts are as follows:

The appellant, Mary B. Ermentrout, widow of Charles B. Ermentrout and a resident of the State of Pennsylvania, filed a complaint against Commonwealth Oil Company, Cracker Oil Company, Virginia Land Company, Florida Exploration Company (all Florida corporations), William G. Blanchard, J. L. McCord, Henry Driggers, Frank J. Pepper, Thomas H. Anderson, and R. A. Gray, as Secretary of the State of Florida (all citizens of the State of Florida). She alleged that she was a stockholder in the defendant, Florida Exploration Company, and further that this corporation was organized pursuant to an agreement between appellant and other litigants involved in controversies over the ownership of certain oil leases obtained from the State of Florida and known as the Blanchard Concession. Plaintiff's husband was alleged to have contributed funds resulting in the acquisition of the Blanchard Concession by one of the defendants, William G. Blanchard, and subsequently conveyed by him to another of the defendants, Virginia Land Company. Thereafter, by order of court in a suit to which neither appellant nor her husband were parties, undivided interests were vested in defendants William G. Blanchard, J. L. McCord, and Frank J. Pepper. Appellant was, however, a party-plaintiff to an action pending in the Federal District Court for the Southern District of Florida, in which she consented to a dismissal based upon an agreement between Blanchard, McCord, and Pepper whereby a corporation would be formed and the assets, which were the subject of the litigation, including the suit to which appellant was a party, would be conveyed to the corporation. The agreement further provided that the affairs of the corporation to be organized would be conducted for a period of ten years by six directors, three of whom would be selected by the McCord and Pepper group who would own a majority of the shares and three other directors to be selected by the Blanchard interests, the minority group to which appellant belonged.

Pursuant to these agreements the Florida Exploration Company was duly organized and the assets which had been the subject of the litigation were conveyed to it by McCord, Pepper, and Blanchard, the parties holding the legal title. Following the organization of the corporation all of the stockholders entered into a contract setting out the above-described facts and agreeing that certain named persons would be directors of the corporation to be elected annually for a period of ten years. This agreement was to be binding upon all transferees of the stockholders.

Subsequently, the majority stockholders assigned their stock to the appellee Commonwealth Oil Company, which became the majority stockholder in the corporation. It thereupon sought to initiate a merger of itself with the Florida Exploration Company by virtue of which the minority stockholders of the latter corporation would be required to accept shares of stock in the Commonwealth Oil Company in lieu of their stock in the Florida Exploration Company, which would represent only a small part of the issued and outstanding stock of Commonwealth. A result of this merger would be that the minority stockholders of Florida Exploration Company would lose the deadlock on the board of directors assured them by the previous agreements.

At the time that the Florida Exploration Company was organized and the agreements previously alluded to were made, the corporate law of Florida provided that a merger of two corporations could only be initiated by a majority of their boards of directors.[1] In 1953, the Florida statutes were amended to provide that a merger could be effected by the holders of a majority of the voting stock.[2]

Prior to the filing of the instant suit one of the defendants, William G. Blanchard, brought an action in the Circuit Court of Dade County, Florida, on behalf of himself and all other stockholders of the Florida Exploration Company similarly situated for the purpose of having the Court declare that the proposed merger with the Commonwealth Oil Company was a violation of the contract by which he and the other minority stockholders had assigned their interests in the Blanchard Concession to the Florida Exploration Company and they were entitled to a re-conveyance of all the interest which they had conveyed to the Florida Exploration Company. Upon learning that a stockholders meeting had been called for the purpose of voting a merger with Commonwealth Oil Company, Blanchard amended his complaint to ask that the two corporate defendants, their officers, directors, and stockholders be enjoined from attempting to ratify or confirm the purported merger agreement or in any way to dispose of, encumber, or sell, any of the assets of the Florida Exploration Company. A formal order denying Blanchard's application for an injunction was entered on October 13, 1953. On October 14, 1953, he moved the State Court to dismiss his case without prejudice which motion was denied on November 13, 1953, upon the grounds that the denial of the application for the injunction necessarily required an adjudication of the merits of his case. On February 22, 1954, Blanchard applied to the Circuit Court for leave to file an amended complaint, which application was granted and amendment filed with reservation of his rights under a petition for a statutory certiorari (which serves the purpose of interlocutory appeals in Florida) previously filed in the Supreme Court of Florida and due to be heard on oral argument in that Court on March 22, 1954.[3] In the instant suit a temporary restraining

---

1. Florida Statutes Annotated, § 612.36.

2. Florida Statutes Annotated, § 608.20.

3. On May 7, 1954, the Supreme Court of Florida reversed the order. Blanchard v. Commonwealth Oil Co., 72 So.2d 664, 665, stating that: "In the state of the record at the time the order here being reviewed was entered, we think the complainant had the right to dismiss his action and that the lower court abused its discretion when it refused him that right."

Upon reversal of the Circuit Court's order, Blanchard renewed his motion to dis-

order was issued by the District Judge on October 16, 1953. This order was dissolved on March 8, 1954, the court ruling that: "The State Court proceeded to a point where the State Judge held that his decision on the application for temporary injunction required a determination on the merits of plaintiff's Bill. That decision and announcement by the State Judge requires, in my judgment, the relinquishment of jurisdiction by this Court, and leaving the parties to litigate in the State Court."

 The rule is well established that when an action is in personam and involves a question of personal liability only, another action for the same cause in another jurisdiction is not precluded. Kline v. Burke Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762; Byrd-Frost, Inc., v. Elder, 5 Cir., 93 F.2d 30, 115 A.L.R. 342. Therefore the pendency of a state court action in personam is no ground for abatement or stay of a like action in the federal court, although the same issues are being tried and the federal action is subsequent to the state court action. The federal court may not abdicate its authority or duty in favor of the state jurisdiction. McClellan v. Carland, supra; Kline v. Burke Construction Company, supra; Byrd-Frost, Inc. v. Elder, supra; Aetna Life Insurance Company of Hartford v. Martin, 8 Cir., 108 F.2d 824. "Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principle of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case." Kline v. Burke Construction Company, supra [260 U.S. 226, 43 S.Ct. 81].

 For the above stated reasons, the judgment appealed from should be reversed; but there is a federal jurisdictional question that, in our opinion, should take precedence over all other points raised on this appeal. It has to do with the rearrangement of the parties to this controversy according to their real interest in the subject matter. The plaintiff in this case was a citizen of Pennsylvania; all of the defendants, including William G. Blanchard, were citizens of Florida or corporations organized under the laws of Florida. Blanchard's interests were identical with the plaintiff's and, for purposes of federal diversity jurisdiction, he should have been treated as a plaintiff. It is obvious from this that no controversy wholly between citizens of different states existed in the court below, and that this suit should be dismissed for want of federal jurisdiction. Accordingly the judgment appealed from is reversed, and jugdment rendered here dismissing the case for want of jurisdiction. Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606; City of Dawson v. Columbia Ave. Saving Fund, Safe Deposit Title & Trust Co., 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713; Venner v. Great Northern Railway, 209 U.S. 24, 25, 28 S.Ct. 328, 52 L.Ed. 666; Steele v. Culver, 211 U.S. 26, 29 S.Ct. 9, 53 L.Ed. 74; City of Indianapolis v. Chase National Bank of City of New York, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47; DeGraffenreid v. Yount-Lee Oil Co., 5 Cir., 30 F.2d 574; Edwards v. Glasscock, 5 Cir., 91 F.2d 625.

Reversed.

Judge RUSSELL sat during the oral argument of this case but died before the opinion was written.

miss, which was again denied, and this time he moved in the Supreme Court of Florida for an order compelling the Circuit Judge to enter an order dismissing the cause without prejudice, or for the Supreme Court itself to enter such an order, in accordance with its previous opinion. The Supreme Court denied this motion, and thereupon Blanchard again moved the Circuit Judge to dismiss the cause, which the Circuit Judge again refused to do, and this order not having been appealed from is still in full force and effect.