**Faust YSTUETA and Delta Ystueta, parents of Steven Brian Ystueta, Deceased, Plaintiffs,**

v.

**Noah Osbin PARRIS, Jr., and Steven Lee Parris, Defendants.**

**Civ. A. No. C79–1990A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

March 4, 1980.

Terrence Lee Croft and Denise Caffrey, Kutak, Rock & Huie, Atlanta, Ga., for plaintiffs.

Richard B. Eason, Jr. and Carolyn J. Kennedy, Eason & Jackson, Atlanta, Ga., for defendants.

## ORDER

ORINDA DALE EVANS, District Judge.

This wrongful death action is now before the Court on Defendants' Motion to Compel Election Between Suits, or in the Alternative for Stay of Proceedings, and Defendants' Motion for Hearing on Defenses pursuant to Rule 12(d), Federal Rules of Civil Procedure.

The present action was filed on October 25, 1979 and a substantially identical action was filed by these Plaintiffs against these Defendants in Dekalb Superior Court on the same day. In both of the above-referenced Motions, Defendants essentially argue that Plaintiffs should be required to elect which action they wish to pursue, or that the present action should be dismissed or stayed pending completion of the state proceedings. Defendants argue that this would avoid duplication of discovery, the burden of two trials, and a waste of judicial resources. Plaintiffs' counterargument is that there will not be two trials, since res judicata will apply whenever one of the actions is tried to judgment; further, any discovery taken in one action can be used in the other and any discovery requests or responses thereto can simply be filed in both actions. Plaintiffs state that their mo-tivation in filing simultaneously in both courts is to enable them to take advantage of the earliest trial date possible. Plaintiffs claim there is no precedent for the procedure of requiring an election between suits; further, that in the Fifth Circuit the law is that the mere pendency of a state proceeding does not permit the federal court to refuse to hear the federal action, citing primarily *Ermentrout v. Commonwealth Oil Co.*, 220 F.2d 527 (5th Cir. 1955).

■ Despite early decisions to the contrary, *Kline v. Burke Constr. Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922), it is now generally recognized that a district court does have the power to grant a discretionary stay of a federal action which is substantially duplicated by a pending state action between the same parties. *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Glen Oaks Utilities, Inc. v. Houston*, 280 F.2d 330 (5th Cir. 1960); *Jackson Brewing Co. v. Clarke*, 303 F.2d 844 (5th Cir. 1962), cert. den., 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124, reh. den., 371 U.S. 936, 83 S.Ct. 305, 9 L.Ed.2d 272; *Thompson v. Boyle*, 417 F.2d 1041 (5th Cir. 1969); cert. den., 397 U.S. 972, 90 S.Ct. 1088, 25 L.Ed.2d 266. *Crawford v. Seaboard Coast Line R. Co.*, 286 F.Supp. 556 (S.D.Ga.1968); see generally "Stay of Action in Federal Court Until Determination of Similar Action in State Court", 5 A.L.R. Fed. 10 (1970). The Court notes that *Ermentrout, supra*, involved dismissal, not a stay. See *Mendiola v. Hart*, 561 F.2d 1207 (5th Cir. 1977).

■ In the Court's opinion, even the earlier decisions flatly stating a duty of the federal court to hear all cases properly before it would not dictate denying the stay here, were said decisions still controlling. This is because the basic premise of these cases—that the courts may not infringe on the litigant's right to insist on his preference for a federal forum—is inapplicable to the situation in which the party opposing the stay has the power to exercise his pref-

erence without the aid of the Court.[1] See *Burrows v. Sebastian*, 448 F.Supp. 51, 53–54 (N.D.Ill.1978) for a good discussion of the justification for differing treatment of "repetitive" and "reactive" suits. In the instant case, Plaintiffs have the absolute right to be in federal court. The issue is not denial of that right; it is whether this Court may require that Plaintiffs choose between duplicative lawsuits. Since the Court clearly has the power to control and manage its docket for the benefit of the litigants, *Landis, supra*, 299 U.S. at 254, 57 S.Ct. at 165, it is concluded that issuance of a stay to compel election is a matter within the sound discretion of the Court.

The Court finds that Plaintiffs' desire to obtain the earliest trial date possible is not sufficient reason to justify the duplication of effort and expense which would be involved for counsel, the litigants and the courts if both suits are actively pursued. Further, the Court notes that if Plaintiffs are to preserve their option to take advantage of the earliest possible trial date in either court, it will be necessary for them to pursue any necessary pre-trial rulings in both courts simultaneously, thus requiring greater duplication of effort than mere double-filing of discovery requests and responses. In such a situation, potential abrasion of the spirit of federal/state comity, noted by the Fifth Circuit in *PPG Industries, Inc. v. Continental Oil Company*, 478 F.2d 674 (5th Cir. 1973), is also a relevant consideration.

Therefore, the Court GRANTS Defendants' Motion to Compel Election Between Suits or in the Alternative for Stay of Proceedings. It is hereby ORDERED that absent written notification by Plaintiffs of their dismissal of the Dekalb Superior Court suit within 15 days of date of entry of this Order, the Court will stay further proceedings in the present action.

Since Defendants' Motion for Hearing on Defenses pertains to the defense of prior suit pending and the Court's above-stated ruling renders said defense moot, said Motion is hereby DENIED as MOOT.

---

1. Typically the parallel federal suit is commenced by one of the state court defendants who prefers the federal forum but can't remove the state action.