**GLEN OAKS UTILITIES, INC. and Greenfield Utilities Corporation, Appellants,**

**v.**

**CITY OF HOUSTON, Appellee.**

**No. 18165.**

United States Court of Appeals Fifth Circuit.

June 30, 1960.

Rehearing Denied Aug. 4, 1960.

Melvin A. Dow, Houston, Tex., Edmund L. Cogburn, Dow & Dow, Houston, Tex., of counsel, for appellants, Glen Oaks Utilities, Inc., and Greenfield Utilities Corp.

John Gano, Senior Asst. City Atty., Charles F. Weaver, Asst. City Atty., R. H. Burks, City Atty., Houston, Tex., for appellee, City of Houston.

Before RIVES, Chief Judge, and JONES and WISDOM, Circuit Judges.

JONES, Circuit Judge.

The appellants brought suit in the United States District Court seeking an injunction to prohibit the City of Houston from enforcing an ordinance fixing the Companies' rates for water and sewer service. It was asserted that the rates were confiscatory. A similar suit had been brought and was pending in a state court of Texas. The district court entered an order that the suit and all proceedings therein be stayed pending final determination of the state court proceeding.

The appellants are corporations which provide water service and sanitary sewer service to a comparatively small area in

the City of Houston, Texas. Prior to January 1, 1957, the area was not within the limits of the City, but it was made a part of the City by annexation on that day. In April, 1957, the Companies increased their rates. On May 1, 1957, the City, by Ordinance 57–531, fixed the rates of privately owned utilities at their December 31, 1956 levels. This was the first rate regulation to which the Companies had been subjected by the City. The Companies continued to charge their increased rates. The City sued to force compliance with the ordinance. The Texas court granted a temporary injunction against collection of the increased rates with a proviso that the City conduct rate hearings. A hearing was held, followed by negotiations between the City and the Companies for the purchase by the City of the utility properties. The hearings were concluded in August, 1957. The negotiations continued until April or May, 1959. The Companies set down for hearing on Monday, July 20, 1959, a motion for summary judgment in the state court suit which had been dormant since 1957. On July 17, 1959, the City Council of Houston passed, and on the same day the Mayor approved and signed, Ordinance 59–996. By recitals in the ordinance references were made to the rate hearings and the purchase negotiations, and new rates were fixed which, in the opinion of the council as stated in the ordinance, were fair and reasonable and took into consideration and provided for increases in operating costs since the rate hearings were held. The ordinance provided that if either company was not satisfied with the rates fixed by the ordinance, the City, upon application, would set new rate hearings for the purpose of adjusting rates or establishing new rates. The new rates, as fixed by the 1959 ordinance, were about fifty per cent. above those fixed by the 1957 ordinance.

The Companies asserted the conclusion that the rate increase was given for the purpose of rendering moot the issue in the state court case. Whether it did so we cannot say. The Companies' complaint leaves us in suspense as to the outcome of that litigation. The Companies increased their rates as authorized by the ordinance. On August 4, 1959, the Companies brought another suit in the Texas state court against the City seeking to enjoin the enforcement of the 1959 ordinance. In this state court suit an order was entered August 13, 1959, sustaining the City's plea to the jurisdiction and motion to dismiss. An appeal was taken. On August 26, 1959, the Companies instituted their suit in the Federal Court. The facts pleaded were those which we have outlined. The pleadings further recounted the matters and things upon which the Companies relied as justification for increasing their rates beyond those fixed by the 1959 ordinance. The City filed a plea to the jurisdiction and motion to dismiss. In this the City asserted that the question should be determined in the state courts; that the Companies should be denied access to the courts until administrative procedures, which had not been invoked, had been exhausted; that the Companies should be confined to the state court remedy which they had sought in the pending state court proceeding; and that the Companies' allegations showed they were not entitled to relief. The City also filed an answer and cross-claim in which fact issues were raised, and the contention was made that if the 1959 rates should be suspended the rates prescribed by the 1957 ordinance should be reestablished.

We are asked to determine whether error was committed by the district court in the entry of its stay order. But before that question is reached, we consider whether the stay order is appealable. If the order is one which grants or denies injunctive relief an appeal may be taken under 28 U.S.C.A. § 1292, even though the order is interlocutory and not final. Where the stay order is only a procedural step in controlling the progress of the cause it is not appealable. United States v. Richardson, 5 Cir., 1953, 204 F.2d 552. Where stay orders such as the one before

us have been issued in proceedings which, historically, fell into the category of common law actions, such orders were regarded as the equivalent of an injunctive order of a court of equity and were therefore appealable. Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233. Perhaps, since the Baltimore Contractors case was decided in 1955, there has been a modification of the rule there announced. The belief at one time prevailed that the doctrine of abstention could be invoked only in equitable causes. See Propper v. Clark, 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480. That belief has been dispelled, at least with respect to eminent domain proceedings. Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058, rehearing denied 360 U.S. 940, 79 S.Ct. 1442, 3 L.Ed.2d 1552. It might follow that the considerations which prompted the relaxation of the rule which previously restricted abstention to cases equitable in character, would justify an elimination of the historically technical rule which regarded stay orders in actions legal in nature as injunctive but did not so regard them in equitable causes. The operation of the stay order is the same in the action equitable as in the action legal and if a right of appeal should be allowed or denied in one, the same should be true in the other.

The distinction preserved in the Baltimore Contractors case was not laid down in the time of Henry IV,[1] but it might be plausibly said that it is a technical procedural distinction which those who framed the Rules of Civil Procedure intended to abolish. See the Committee Notes to Rule 1, Fed.Rules Civ.Proc. 28 U.S.C.A. This Court, in its recent opinion in United Gas Pipe Line Co. v. Tyler Gas Service Co., 5 Cir., 1957, 247 F.2d 681, dismissed as interlocutory and not appealable an order in an action for money judgment staying the cause until other litigation then pending should be finally determined. Although this Court's opinion cites the Baltimore Contractors case it makes no mention of the distinction there discussed. It may be that this Court has, by what it did if not by what it said, adopted a rule that no distinction exists as to appealability, between stay orders in law actions and such orders in equity cases. Whether this inference be warranted or not, we think we are precluded by the United Gas Pipe Line opinion from saying that stay orders, in all cases where the decision of another court is awaited, are injunctive in nature and appealable.

■■■■ The complaint of the two Companies prayed for a temporary restraining order and for a final injunction. Except for process and costs, no other relief was sought. The entry of the stay order, we think, was for all practical purposes, a denial of the temporary injunction which was sought. Whether the order is subject to appeal depends upon its effect rather than its terminology. Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176; Baltimore Contractors v. Bodinger, supra. The order has such attributes of finality as will permit an appeal to be taken. Cf. Goodall-Sanford, Inc. v. United Textile Workers, 353 U.S. 550, 79 S.Ct. 920, 1 L.Ed.2d 1031. The motion to dismiss will be denied.

■■■■ The Companies here, having sought a determination in the courts of Texas of the very issues presented to the district court, and having been unsuccessful in the trial court of the State, sought to have its judgment reversed on appeal and at the same time to have a contrary judgment entered by the Federal court. The suit being in personam, the pendency of a proceeding in the state court upon the same cause of action is not a jurisdictional impediment to the bringing of a suit on the same cause of action in a Federal court. Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct.

1. See Holmes, The Path of the Law, Collected Legal Papers 167, 187.

79, 67 L.Ed. 226, 24 A.L.R. 1077; Ermentrout v. Commonwealth Oil Co., 5 Cir., 1955, 220 F.2d 527; Byrd-Frost, Inc. v. Elder, 5 Cir., 1937, 93 F.2d 30, 115 A.L.R. 342, certiorari denied 303 U.S. 647, 58 S.Ct. 646, 82 L.Ed. 1108. Involved in this case are questions as to administrative rate making procedures under the laws of Texas and ordinances of the City of Houston, and the effect of administrative action as denying the Companies due process of law under both the Texas and Federal Constitutions, Vernon's Ann.St.Const. art. 1, § 19; Const.U.S. Amend. 14. Issues are presented as to whether the Companies have exhausted their administrative remedies. These questions were first submitted to the Texas courts. In those courts the matters in issue should be determined in the first instance. In a case not wholly dissimilar, the Supreme Court directed the district court to hold the cause while the parties repaired to the state courts for an adjudication. City of Meridian v. Southern Bell Telephone & Telegraph Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562. Here the jurisdiction of the state court was already invoked and the Companies had sought to bring about that unseemly conflict between two sovereignties which the doctrines of comity and abstention are designed to avoid. See Martin v. Creasy, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186.

Since an appeal was pending from the state court judgment it would have been improper to dismiss the federal action on the ground of res judicata, but it was proper that the proceedings in the federal court be stayed until the final termination of the proceedings in the state court. Ray v. Hasley, 5 Cir., 1954, 214 F.2d 366.

We think it would have been error if the district court had not stayed its hand. The order from which the appeal is taken is affirmed.

Motion to dismiss denied; appeal affirmed.