**JACKSON BREWING COMPANY,**
Appellant,

v.

**Jack D. CLARKE, Jr., Appellee.**

No. 6505.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 9, 1961.

Rehearing Denied Nov. 29, 1961.

See also 346 S.W.2d 149.

Kelley & Ryan, Houston, for appellant.

McClain & Harrell, Conroe, for appellee.

STEPHENSON, Justice.

This is an action for damages brought by appellee, Jack D. Clarke, Jr., against appellant, Jackson Brewing Company, based upon breach of an agreement to cancel an indebtedness of appellee to appellant. Judgment was rendered by the trial court for appellee in the amount of $11,858.88 upon the verdict of the jury.

It was the contention of appellee in the trial court that he sold his beer business to W. L. McMillan exclusive of the beer inventory, and that the appellant had agreed to cancel his indebtedness for beer he had purchased from appellant. The controlling question is whether appellee, in the sale of his business to McMillan, was paid for his inventory of beer by McMillan.

The jury found: that appellant agreed to cancel the indebtedness, and that Mc-Millan did not pay appellee for the inventory of beer. Appellant contends the jury's answers to these two issues were not supported by sufficient evidence and were so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. After careful consideration of the entire record it is our conclusion that appellant's contentions must be sustained.

Appellee had been the Jax Beer distributor for many years in Conroe, Texas. He was informed by a representative of appellant that they were not satisfied with his work and that he would be replaced. W. L. McMillan was named as the new distributor and negotiations were carried on for the sale. Appellee testified he first offered to sell everything in his business, including a warehouse, except the inventory of beer, for $40,000.00; that this offer was not accepted, but that he was paid $28,500.00 for his business, plus certain other items bringing the total to $31,777.27. There is much uncertainty as to how this total figure is arrived at, as the record reveals two sets of figures given by appellee, one on direct examination and another on cross-examination.

The uncontroverted evidence shows that W. L. McMillan paid appellee $25,277.27 in two checks on the date of the sale, and John McMillan paid appellee $6,500.00, making a total of $31,777.27. All of the evidence further shows that an inventory was taken by appellee, McMillan and a representative of appellant.

McMillan testified unequivocally that he negotiated for, and paid for the beer inventory along with the rest of the appellee's business. Appellant offered in evidence an itemized list of the beer inventory and certain empties, hulls and pallets, all in appellee's handwriting. This exhibit showed a total value of $15,671.07 and then, also in

appellee's handwriting had the notation "Less 10¢ per case to be received from Brewery—$393.80" which was deducted, leaving a balance of $15,277.27. McMillan further testified that he and appellee agreed upon an additional $2,000.00 for warehouse equipment and $5,000.00 for three trucks, a total of $22,277.27 which was the amount of one of the checks given by McMillan to appellee, and also $3,000.00 for good will, which was the amount of the second check. These two items make a total $25,277.27, and when added to the admitted $6,500.00 paid by John McMillan for the transport, make a total of $31,777.27 which is the amount paid to appellee, as shown by all of the evidence.

Appellee offered no explanation as to why he made the notation: "Less 10¢ per case to be received from Brewery." This court can think of no logical reason this notation was made if appellant had agreed to cancel appellee's indebtedness for the amount of beer inventory he had on hand at the date of the sale. If this had been the case, there would have been no point in separating the 10¢ per case handling charge from the value of the beer inventory. This inventory in appellee's handwriting, together with the notation mentioned, clearly indicates to us that it was the intention of appellee to charge McMillan the value of the beer inventory and to deduct the 10¢ per case handling charge to be received from appellant.

This court is well aware of the rule that we are not to substitute our judgment for that of the jury. However, we believe a consideration of the entire record reveals the jury verdict on these two issues is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong, unjust, and shocking to the conscience. We feel compelled to take this action which is clearly authorized by the law of this state. Continental Bus System, Inc. v. Biggers, Tex.Civ.App., 322 S.W.2d 1, writ ref. n. r. e.

In view of the fact that appellee was not asked to explain this notation by either counsel for appellee or appellant, we feel this case should be further developed upon a second trial. We suggest further inquiry be made into the items appellee contends make a total value of $3,277.27, especially the $90.79 indicated to be for a battery, license and parts on trucks.

The judgment of the trial court is reversed and the case is remanded for trial.