**JACKSON BREWING COMPANY,**
Appellant,

v.

**Jack D. CLARKE, Jr., d/b/a Clarke Distributing Company, Appellee.**

No. 19330.

United States Court of Appeals
Fifth Circuit.

June 14, 1962.

Cornelius O. Ryan, Houston, Tex., Kelley & Ryan, Houston, Tex., of counsel, for appellant.

Cam Harrell, Conroe, Tex., Gene Travis Bonner, Walter E. Workman, Houston, Tex., Frank G. Harmon, Houston, Tex., Baker, Botts, Andrews & Shepherd, Houston, Tex., of counsel, for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and WISDOM, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from an order of the District Court staying further proceedings in this cause until the final deter-

mination of another suit pending between the same parties in a Texas State Court.

The facts necessary to our decision are neither complex nor disputed. This litigation arose out of the termination of an arrangement between the appellant, Jackson Brewing Company, and the appellee, Clarke, whereby Clarke acted as a distributor of Jax Beer for the appellant. At the time of termination, Clarke was indebted to the appellant in the sum of approximately $12,000. Shortly after the relationship between the parties was ended, Clarke transferred all the assets of the distributorship to a third party.

The factual issue about which this litigation revolves is whether, at the time of termination, the appellant agreed with Clarke to cancel the $12,000 indebtedness in partial consideration for Clarke's transfer of the assets of the distributorship to the third party as mentioned above. Clarke maintains that such an agreement was made, that it was not kept by the appellant, and that he has never been paid for his inventory of beer, either by the third party or the appellant. The appellant just as forcibly insists that it never promised to cancel the indebtedness, and that Clarke has already been paid for the inventory by the third party transferee.

Clarke made the initial move to have this dispute judicially resolved by filing an action in the District Court of Montgomery County, Texas. His complaint, as amended, alleged that the appellant had breached its promise to cancel the indebtedness, and the complaint prayed for recovery in the amount of the indebtedness.

Thereafter, the appellant brought this suit in the Federal District Court to recover the $12,000 indebtedness. After the state court trial had produced a judgment for Clarke for $12,000, the appellant moved for summary judgment in the federal court action, alleging that Clarke, by procuring a judgment in the state court, had elected to waive his defense of

cancellation in the federal court action, and that the appellant was therefore entitled to judgment as a matter of law.

At this time, the District Court, without ruling on the motion for summary judgment, ordered that proceedings in that court be stayed until the judgment of the state court should become final. The appellant then sought to have this Court mandamus the District Court to proceed in the action. This proving unsuccessful, the appellant brought the present appeal. Since the filing of the appeal, the judgment for Clarke in the state court action has been reversed by the Texas Court of Civil Appeals on the ground that the evidence introduced at the trial was insufficient to show that an agreement to cancel the indebtedness had been made and that Clarke had not been paid for his inventory of beer by the third party. The case was therefore remanded for a new trial. See 352 S.W.2d 322.

At the outset, we are confronted with a question relating to our jurisdiction to hear this appeal. The appellant recognizes that the stay order at issue is not a final order and is hence unappealable under 28 U.S.C. § 1291. The appellant contends, however, that the stay order is equivalent to an injunction and is thus appealable under 28 U.S.C. § 1292(a) (1).

Though the appellant is perhaps correct in asserting, in its brief, that "[i]t is literally impossible to reconcile everything that has been written on this subject by the various Circuits," we think the rule which has emerged from the various decisions can be stated thus: An order staying or refusing to stay proceedings in the District Court is appealable under § 1292(a) (1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; *and* (B) the stay was sought to permit the prior determination of some *equitable* defense or counterclaim.[1]

1. See and compare Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233; Morgantown v. Royal Insurance Co., 337 U.S. 254, 69 S.Ct. 1067,

■ While it is clear, in the instant case, that the first requirement for appealability of the stay order is satisfied, it is equally evident, we think, that the second requirement has not been met. The stay in this case was not granted to permit the prior determination of an equitable defense or counterclaim asserted by the appellee; rather, the District Court stayed proceedings until the pending law action between the parties in the state court could be finally determined. The state action involved simply a legal claim for breach of contract, and it presented essentially the same legal issues as were raised by the pleadings in the federal action. Since there was "no equitable defense or counterclaim to support the fiction that the power of a court of equity has been invoked by a defendant to restrain the prosecution of a suit at law against him", Turkish State Railways Administration v. Vulcan Iron Works, 3 Cir., 230 F.2d 108, 109–110, there is no basis for holding that the stay order issued by the District Court was equivalent to an injunction and, as such, appealable under § 1292(a) (1).

Neither City of Thibodaux v. Louisiana Power & Light Company, 5 Cir., 255 F.2d 774, rev'd 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058, nor Glen Oaks Utilities, Inc. v. City of Houston, 5 Cir., 280 F.2d

330, is contrary to the conclusion we have reached in this case. In Thibodaux, the stay order which we held to be appealable under § 1292(a) (1) was granted so that the parties could first proceed in a state court, under the state's declaratory judgment procedure, to obtain a definitive ruling with respect to a state statute, the construction and validity of which was at issue between the parties. Since a declaratory judgment action is analogous to the old bill in equity, *quia timet*,[2] it would seem that the stay granted in that case prevented prosecution of a suit at law so that action could first be taken by a court of equity. The Glen Oaks Utilities case merely held that, since the complaint of the plaintiff-appellants prayed for a temporary restraining order and final injunction, the order staying further prosecution of the action was appealable under § 1292(a) (1) as "a denial of the temporary injunction which was sought." 280 F.2d at 333. Plainly, both these cases have little in common with the instant case.

Having concluded that the stay order was neither a final order appealable under § 1291 nor an injunction appealable under § 1292(a) (1), it follows that the appeal must be

Dismissed.

93 L.Ed. 1347; Ettelson v. Metropolitan Insurance Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176; Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Shanferoke Coal & Supply Corporation of Delaware v. Westchester Service Corp., 293 U.S. 449, 55 S. Ct. 313, 79 L.Ed. 583; Lummus Co. v. Commonwealth Oil Refining Co., 2 Cir., 297 F.2d 80; Chronicle Publishing Co. v. National Broadcasting Co., 9 Cir., 294 F.2d 744; Ferguson v. Tabah, 2 Cir., 288 F.2d 665; Glen Oaks Utilities, Inc. v. City of Houston, 5 Cir., 280 F.2d 330; Arny v. Philadelphia Transportation Co.,

3 Cir., 266 F.2d 869; Thibodaux v. Louisiana Power & Light Co., 5 Cir., 255 F.2d 774, reversed, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058; United Gas Pipeline Co. v. Tyler Gas Service Co., 5 Cir., 247 F.2d 681; Day v. Pennsylvania Railroad Co., 3 Cir., 243 F.2d 485; Council of Western Electric Technical Employees-National v. Western Electric Co., 2 Cir., 238 F.2d 892.

2. Council of Western Electric Technical Employees-National v. Western Electric Co., 238 F.2d 892 at 894.