**D. K. JENSENIUS, Plaintiff-Appellant,**

v.

**TEXACO, INC., MARINE DEPART-MENT, Defendant-Appellee.**

No. 80–1879
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 19, 1981.

---

D. K. Jensenius, pro se.

James D. Garrison, Houston, Tex., for Texaco, Inc.

Before POLITZ, TATE and SAM D. JOHNSON, Circuit Judges.

TATE, Circuit Judge:

D. K. Jensenius appeals from an order of the district court staying his action for seaman's pension benefits and wages under 46 U.S.C. § 596. The stay was granted pending resolution of Jensenius's action in state court to recover damages for Texaco's alleged breach of the labor agreement under which Jensenius was employed. Because it appears that the stay order is not appealable under 28 U.S.C. §§ 1291–1292, we dismiss the appeal for lack of appellate jurisdiction.

■ The stay order issued by the district court in this case is not appealable as a final order under 28 U.S.C. § 1291.[1] *Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086, 1090 (5th Cir. 1973); *Jackson Brewing Co. v. Clarke*, 303 F.2d 844, 845 (5th Cir.), *cert. denied*, 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124, *reh. denied*, 371 U.S. 936, 83 S.Ct. 305, 9 L.Ed.2d 202 (1962).

■ Nor is it appealable as an interlocutory order under 28 U.S.C. § 1292(a)(1).[2]

An order staying or refusing to stay proceedings in the District Court is appealable under § 1292(a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law, *and* (B) the stay was sought to permit the prior determination of some *equitable* defense or counterclaim.

*Jackson Brewing Co. v. Clarke*, 303 F.2d at 845 (in original), *quoted in Mercury Motor Express, Inc. v. Brinke*, 475 F.2d at 1090. As in *Jackson Brewing Co., supra,* the first requirement for appealability is met in this case, but the second is not. The stay was not granted to permit the prior determination of an *equitable* defense or counterclaim asserted by the defendant-appellee; it was granted to permit the resolution of a pending *law* action for damages brought in state court by the plaintiff-appellant. Absent an equitable defense or counterclaim " 'to support the fiction that the power of a court of equity has been invoked by a defendant to restrain the prosecution of a suit at law against him', there is no basis for holding that the stay order . . . was equivalent to an injunction and, as such, appealable under § 1292(a)(1)." *Jackson Brewing Co. v. Clarke*, 303 F.2d at 846 (citation omitted).[3]

■ Finally, the stay order does not reach the merits of the claim and in no way determines, denies, or prejudices any substantive rights of the parties. It therefore cannot be said to be an interlocutory decree in a seaman's suit that determines the rights and liabilities of the parties so as to

---

**1.** 28 U.S.C. § 1291 provides:

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court . . . .

**2.** 28 U.S.C. § 1292(a)(1) provides:

(a) The courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts of the United States granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court . . . .

**3.** An explanation of the theoretical reasons for this quite technical distinction in appealability

of stay orders, as well as a criticism of the rule, is set forth at 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure, § 3923 at 48–49 (1977):

An order that prohibits a party from pursuing litigation in another court is unquestionably an injunction for purposes of interlocutory appeal under 28 U.S.C.A. § 1292(a)(1). This fact has been combined with the phased historical merger of law and equity to establish the surprising rule that grant or denial of an order by which a single court governs the order of its own proceedings, or stays its own proceedings, is the grant or denial of an injunction for purposes of appeal if two conditions are met. First, the action in which the order is entered must be one that is characterized as an action at law, rather than a suit in equity. Second, the order must have been

be appealable within the meaning of 28 U.S.C. § 1292(a)(3).[4] *Solomon v. Bruchhausen*, 305 F.2d 941, 943 (2d Cir. 1962), *cert. denied sub nom. Isbrandtsen Co., Inc. v. Maximo*, 371 U.S. 951, 83 S.Ct. 506, 9 L.Ed.2d 499 (1963); 16 Wright, Miller, Cooper & Gressman, Federal Practice & Procedure § 3927, at 115–16 (1977). *Cf. Wallin v. Keegan*, 426 F.2d 1313, 1314 (5th Cir. 1970).

For these reasons, we lack jurisdiction of this matter, and therefore must dismiss this appeal.

APPEAL DISMISSED.

sought to permit the determination of some matter characterized as an equitable defense prior to disposition of other issues. If both conditions are met, the historic equivalent of the modern order would have been an injunction, issued by a separate equity court, to restrain proceedings in a separate action at law. If the underlying suit is characterized as one in equity, however, or if the matter set for prior determination is legal, the historic analogy fails. An equity court simply would have entered an order governing the sequence of trying the issues before it, rather than enjoining itself; a law court similarly need not enjoin itself, and could not enjoin an equity court, to secure prior determination of legal issues.

The welter of cases applying this rule have established it solidly as a matter of precedent. At the same time, it is uniformly recognized that the distinctions it draws make no sense whatever as a matter of coherent appeals doctrine. If the distinction can be abolished, it probably would be best to deny appeal to all orders that directly govern the order of trial, whether as a matter internal to a single lawsuit or as a matter of relations between separate tribunals. Orders that expressly enjoin a party from pursuing remedies in another forum, however, should remain appealable.

4. 28 U.S.C. § 1292(a)(3) provides for appellate jurisdiction of:

Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed . . . .