Lincoln LYNCH, Plaintiff-Appellee,

v.

JOHNS–MANVILLE SALES CORP., et al., Defendant,

Raymark Industries, Inc., Successor to Raybestos-Manhattan, Inc., Defendant-Appellant.

No. 82–3724.

United States Court of Appeals, Sixth Circuit.

Feb. 22, 1983.

See also, D.C.Ohio, 23 B.R. 750.

Thomas M. Green, Green & Green, Dayton, Ohio, for defendant-appellant.

John P. Harrington, Cincinnati, Ohio, Robert E. Sweeney, Peter T. Enslein, Cleveland, Ohio, for plaintiff-appellee.

Before LIVELY, MARTIN and KRUPANSKY, Circuit Judges.

PER CURIAM.

This matter is before the court upon consideration of appellee's motion to dismiss and appellant's response thereto. The case arises out of asbestos litigation.

On October 5, 1982 appellant's motion for a stay pursuant to 11 U.S.C. § 362(a)(1) was denied by the district court. Previously, an automatic stay had been granted to two of appellant's co-defendants, Johns-Manville and Unarco, because they had filed Chapter 11 reorganization petitions in two bankruptcy courts. The district court certified its order for immediate appeal pursuant to 28 U.S.C. § 1292(b). Without applying to this court within 10 days for permission to appeal, the defendants filed a notice of appeal from the October 5 order that denied it, as a solvent co-defendant, protection under the automatic stay provisions of 11 U.S.C. § 362(a)(1).

The order of October 5 denying appellant a stay is not an appealable order pursuant to either 28 U.S.C. § 1291 as a final order, or 28 U.S.C. § 1292(a)(1) as an order refusing an injunction. *Jackson Brewing Co. v. Clarke,* 303 F.2d 844 (5th Cir.1962); *Jensenius v. Texaco, Inc., Marine Dept.,* 639 F.2d 1342 (5th Cir.1981).

In the absence of an application for permission to appeal from an interlocutory order where the only basis for appealability is a certification under 28 U.S.C. § 1292(b), this court will not entertain the appeal. The provision for appeals from interlocutory orders is reserved for exceptional cases, *see Kraus v. Board of County Road Commissioners,* 364 F.2d 919 (6th Cir.1966), and this court requires strict compliance with the statutory provisions which permit such appeals.

The motion is granted and the appeal is dismissed.