**LYONS PLASTERING & STUCCO, Plaintiff-Appellee,**

v.

**SEABOARD SURETY COMPANY, Defendant-Appellant.**

**No. 87–3005.**

United States Court of Appeals, Eleventh Circuit.

Aug. 31, 1987.

Philip H. Trees, Gray, Harris & Robinson, P.A., G. Robertson Dilg, J. Mason Williams, Orlando, Fla., for defendant-appellant.

Norman L. Hull, Russell & Hull, P.A., Orlando, Fla., for plaintiff-appellee.

Before KRAVITCH and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

Seaboard Surety Company appeals from a judgment by the trial court denying its motion that the court either dismiss or stay proceedings in a pending action between the parties until arbitration proceedings, ordered by a state court judgment, had been completed.

## I. COURSE OF PROCEEDINGS

Lyons entered into a subcontract agreement with Central Constructors. Paragraph 10 of the subcontract agreement requires the arbitration of all disputes arising out of the agreement. After completion of the work, certain disputes had not been resolved. On October 8, 1985, Lyons filed a claim of lien against the property, claiming that Central Constructors owed it

---

$179,000 for work performed on the project. As permitted by Florida Statutes, § 713.24 Fla.Stat., the lien was transferred to a security bond, issued by Seaboard Surety Company.

On October 28, 1985, Central filed an action in the Florida Circuit Court for Seminole County which it denominated "Application for Order Compelling Arbitration as to Defendant Lyons and Complaint Against Defendant Integon (the surety on the performance bond)." In this action, Central sought an order of the circuit court compelling arbitration of the issues between the parties which now included a counterclaim filed by Lyons. On May 1, 1986, the Florida court ordered arbitration, including arbitration of the counterclaim.

Thereafter, on September 30, 1986, Lyons filed suit in the United States District Court for the Middle District of Florida against Central Constructor's surety, Seaboard, based on diversity of citizenship. Thereupon, Seaboard filed a motion requesting that the district court either dismiss the action because of the state court decision or stay the action pending the final resolution of the arbitration proceedings. The district court denied this motion and Seaboard then filed this appeal.

## II. ISSUE

The issue before this Court is whether such an order by the district court is an appealable order.

## III. DISCUSSION

Seaboard claims this order, although interlocutory in nature, is appealable under 28 U.S.C. § 1292(a), which permits an appeal from an interlocutory order "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions,...." Lyons, to the contrary, contends that such an appeal is allowable only under § 1292(b), which pro-

vides for the certification by a district judge that an otherwise non-appealable order involves a controlling question of law, which then permits the Court of Appeals to accept or reject such appeal to be taken. Here, no such certificate was sought or obtained.

The only attempt by Seaboard to justify its contention that the order was appealable, is its statement: "An order granting or denying a stay of proceedings pending arbitration is appealable where, as in the instant case, the order is issued in an action that by its nature is an action at law," citing *Tenneco Resins, Inc. v. Davy International, AG,* 770 F.2d 416 (5th Cir.1985); and *see Itoh & Co. America, Inc. v. Jordan International Co.,* 552 F.2d 1228, 1230, n. 2 (7th Cir.1977).

We briefly dispose of the citation to *Itoh* because in that case the Court did not mention the question of jurisdiction of the Court of Appeals from an order denying or granting a stay.

*Tenneco* does not support the appellant's contention. It says:

This Circuit has stated the rule: "An order staying or refusing to stay proceedings in the district court is appealable under § 1292(a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; *and* (B) the stay was sought to permit the prior determination of some *equitable* defense or counterclaim." *Jackson Brewing Co. v. Clarke,* 303 F.2d 844, 845 (5th Cir.) (emphasis in original), *cert. denied,* 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962)

770 F.2d at 418. While this Court is, of course, not bound by the Fifth Circuit decision in *Tenneco,* we are bound by the decision of the former Court of Appeals for the Fifth Circuit in *Jackson Brewing Co. v. Clarke.*[1] In *Jackson,* the Court established the rule quoted above in *Tenneco* and then said:

precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this Court adopted as

While it is clear, in the instant case, that the first requirement for appealability of the stay order is satisfied, it is equally evident, we think, that the second requirement has not been met. The stay of this case was not granted to permit the prior determination of an *equitable defense or counterclaim* asserted by the appellee; rather, the District Court stayed proceedings until the pending law action between the parties in the state court could be finally determined. The state action involved simply a *legal claim for breach of contract,* and it presented essentially the same legal issues as were raised by the pleadings in the federal action. Since there was "no equitable defense or counterclaim to support the fiction that the power of a court of equity has been invoked by a defendant to restrain the prosecution a suit at law against him", *Turkish State Railways Administration v. Vulcan Iron Works,* 3 Cir., 230 F.2d 108, 109–110 (1956), there is no basis for holding that the stay order issued by the District Court was equivalent to an injunction and, as such, appealable under § 1292(a)(1).

303 F.2d at 846 (footnotes omitted) (emphasis partially in original). The only issue raised by Lyons in the state court proceedings against Central Constructors was the question whether the subcontract required the submission of the issues to arbitration. The state court construed the terms of the contract to require such submission. Such proceedings were not an equitable action under any sense of the term.

The appeal must therefore be dismissed for want of jurisdiction.

APPEAL DISMISSED.