842 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marty O. FRANKLIN, Raymond Jackson, Charles Smith, Michael
Tilford, J.J. Tribell, William Wynn, Robert Cross
and William Johnson, Plaintiffs-Appellants,
v.
Steve NORRIS, Commissioner, et al., Defendants-Appellees.
 87-5977.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1988.
 
 Before ENGEL, MERRITT and CORNELIA G. KENNEDY, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellees' motion to dismiss the appeal for lack of jurisdiction on the basis that the appeal is from an interlocutory order. Appellants have responded stating that the order falls into the collateral order exception.
 
 
 2
 Appellants initiated a civil rights complaint in 1985. The district court entered an order on June 24, 1987, which granted in part and denied in part the appellees' motion to dismiss. On July 24, 1987, the appellants filed a motion for revision of the June 24 order to include a Fed.R.Civ.P. 54(b) certification or, in the alternative, to issue a 28 U.S.C. Sec. 1292(b) certification. Appellants appealed on August 21, 1987, within the extended appeals period permitted by order entered July 29, 1987. The district court, by order entered December 15, 1987, declined to rule on the motion for revision.
 
 
 3
 Certification under Fed.R.Civ.P. 54(b) or 28 U.S.C. Sec. 1292(b) is a prerequisite to filing an appeal and this court obtaining appellate jurisdiction. Lynch v. Johns-Manville Sales Corp., 701 F.2d 44 (6th Cir.1983) (per curiam); Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166 (5th Cir.1978); Wiltse v. Clarkson, 542 F.2d 363 (6th Cir.1976) (order). The June 24, 1987, order was not a final decision nor did the district court enter certification pursuant to Fed.R.Civ.P. 54(b) or 28 U.S.C. Sec. 1292(b).
 
 
 4
 The order dismissing the claims of inmate helpers that they were denied access to segregated inmates seeking their assistance is not appealable under the narrow collateral order exception of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). For an appeal to be reviewed under Cohen, it must: 1) conclusively determine the disputed question; 2) resolve an important issue completely separate from the merits of the action; and 3) be effectively unreviewable on appeal from the final judgment. Richardson-Merrell, Inc. v. Koller, 472 U.S. 424 (1985); Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978). The order appealed can effectively be reviewed after entry of the final judgment.
 
 
 5
 It is ORDERED that the motion to dismiss be granted and the appeal be dismissed. Rule 8, Rules of the Sixth Circuit.