940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morgan J. GRIBBLE, Plaintiff-Appellant,
v.
Charles B. BASS, W. Jeff Reynolds, Howard Carlton, Ken
Phillips, Dee Davidson, David Maynard, Don Dunaway, Ernest
Kerley, Sandra Moore, Charles Brymer, Andrew Lewis, Q.
Belton, T. Leachman, Defendants-Appellees.
 Nos. 91-5795, 91-5798, 91-5799 and 91-5801.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 This matter has been referred to a panel of the court. Upon review of the documents before the court, it appears that plaintiff filed a 42 U.S.C. Sec. 1983 civil rights action. On May 29, 1991, the district court denied the motion for recusal. On June 10, 1991, the district court dismissed all the defendants except Moore and directed service of the complaint upon Moore. Plaintiff filed a notice of appeal from the order denying recusal (appeal No. 91-5795), a notice of appeal from the order dismissing all but one defendant (appeal No. 91-5798), a notice of appeal and/or petition for permission to appeal the partial dismissal (appeal No. 91-5799), and a notice of appeal from the partial dismissal (appeal No. 91-5801).
 
 
 3
 This court lacks jurisdiction in appeal No. 91-5795. An order denying recusal of a judge is not reviewable prior to the entry of a final decision. In re City of Detroit, 828 F.2d 1160, 1165-66 (6th Cir.1987) (per curiam).
 
 
 4
 Jurisdiction is also lacking in appeal No. 91-5798 taken from the partial dismissal of the complaint. Absent Fed.R.Civ.P. 54(b) certification, an order disposing of fewer than all the claims or parties involved in an action is not appealable. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742-45 (1976); Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 59-60 (6th Cir.1986). No Rule 54(b) certification was made in the instant case. The final decision of the district court has not been entered during the pendency of this appeal; therefore, this court lacks jurisdiction. See Gillis v. United States Dep't of HHS, 759 F.2d 565, 569 (6th Cir.1985).
 
 
 5
 In appeal No. 91-5799, plaintiff filed a notice of appeal and/or petition for permission to appeal the partial dismissal in which he seeks permission of this court for him to appeal. As previously stated, absent a Rule 54(b) certification of the district court, this court lacks jurisdiction to review the partial dismissal. In addition, a 28 U.S.C. Sec. 1292(b) certification of an interlocutory appeal by the district court is a prerequisite to the filing of a Fed.R.App.P. 5(a) petition for permission to appeal in this court. Lynch v. Johns-Manville Sales Corp., 701 F.2d 44, 45 (6th Cir.1983) (per curiam); Wiltse v. Clarkson, 542 F.2d 363, 364 (6th Cir.1976) (order). No Sec. 1292(b) certification was entered by this district court. Therefore, this court lacks jurisdiction in appeal No. 91-5799.
 
 
 6
 Appeal No. 91-5801 is a notice of appeal from the partial dismissal. This notice of appeal was originally received in this court and forwarded to the district court for filing as provided by Fed.R.App. 4(a)(1). For the reasons previously stated in this order, this court lacks jurisdiction to review the partial dismissal of the civil rights action.
 
 
 7
 Accordingly, it is ORDERED that appeal Nos. 91-5795, 91-5798, 91-5799 and 91-5801 be, and they hereby are, dismissed for lack of jurisdiction. Rule 8(a), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation