966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GAU SHAN COMPANY, LIMITED, Plaintiff-Appellee,
v.
BANKERS TRUST COMPANY, Defendant-Appellant.
 No. 92-5564.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1992.
 
 Before NATHANIEL R. JONES, RYAN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The defendant, Bankers Trust Company, appeals an order denying a stay of the proceedings which are pending in the district court. Bankers Trust now moves this court to stay the proceedings in the district court pending this appeal and to expedite this appeal. The plaintiff, Gau Shan Company, Ltd., opposes the motion.
 
 
 2
 In a prior decision, Gau Shan Company, Ltd. v. Bankers Trust Company, 956 F.2d 1349 (6th Cir.1992), we directed the district court to dissolve an injunction against suit by Bankers Trust in Hong Kong and instructed the court to conduct further proceedings. The district court dissolved the injunction, but denied Bankers Trust's request for an additional stay of proceedings. Bankers Trust argues that a stay of the lower court's action is necessary to place the Tennessee suit and the Hong Kong suit on an equal footing, and so argues in the appellate brief that it has filed with the motion to stay.
 
 
 3
 This court is obligated to consider sua sponte its own jurisdiction. See Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976). Upon consideration, we conclude that the order in this case denying a stay is not immediately appealable. See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988); Lynch v. Johns-Mansville Sales Corp., 701 F.2d 44 (6th Cir.1983). Nor is the denial of a four-month stay appealable as the denial of an injunction or the practical equivalent of an injunction. See United States v. Bayshore Associates, Inc., 934 F.2d (6th Cir.1991). The potential for "serious, perhaps irreparable, harm" to the defendants is not certain. It is noted that the district court's scheduling at this time has merely set deadlines for filing motions and completing discovery.
 
 
 4
 Mandamus may be appropriate in some cases for review of the denial of stay orders. See Gulfstream, 485 U.S. at 288; Ohio Environmental Counc. v. U.S. Dist. Court, 565 F.2d 393 (6th Cir.1977). The defendant asks, in the alternative, that its appeal be construed as a petition for a writ of mandamus. The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. Will v. Calvert Fire Insurance Co., 437 U.S. 655, 661-62 (1978); Kerr v. United States District Court, 426 U.S. 394, 402-03 (1976). Upon review we conclude that this is not an extraordinary situation which calls for relief in mandamus.
 
 
 5
 Therefore, it is ORDERED that the motion for a stay and to expedite this appeal is denied. It is further ORDERED that the appeal is dismissed sua sponte for lack of jurisdiction. The request for relief in mandamus is denied. See Fed.R.App.P. 21(b).