United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20635

_____

NAUTILUS INSURANCE COMPANY

Plaintiff-Appellant

versus

JOHN GANNON, INC.; ET AL.

Defendants

RAY KELLER; DUKE-KELLER OUTDOOR ADVERTISING, INC.

Defendants-Appellees

_____

Appeal from the United States District Court for
the Southern District of Texas, Houston Division
(USDC No. H-02-1072)

_____

Before JONES, DENNIS, and PICKERING, Circuit Judges.

DENNIS, Circuit Judge:[*]

Nautilus Insurance Company ("Nautilus") brought this action against John Gannon, Inc. ("JGI"), Ray Keller, and Duke-Keller Outdoor Advertising, Inc. (collectively "Keller") seeking a declaratory judgment that Nautilus has no duty to defend or

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

indemnify Keller from JGI's suit against Keller. The district court held that Nautilus had both a duty to defend and a duty to indemnify and entered a final judgment. We reverse.

## BACKGROUND

JGI wanted to put up a billboard in a Sam's Club parking lot near Conroe, Texas. JGI contacted Ray Keller, who allegedly represented that he was an agent of Frances Coberly of Wal-Mart/Sam's Club and that he had authority to give JGI a lease to erect the billboard. JGI and Keller entered into an agreement regarding the construction of the billboard and a document entitled "Land Lease Agreement." After JGI applied for a billboard permit with the Texas Department of Transportation ("TXDOT"), TXDOT discovered that Keller was not authorized to enter into such an agreement on behalf of Ms. Coberly. TXDOT denied the permit and temporarily suspended JGI's advertising license.

JGI sued Keller alleging, *inter alia*, fraud, negligent misrepresentation, and breach of contract. Nautilus had previously issued a commercial general liability insurance policy to Keller. After JGI sued Keller, Nautilus filed this action seeking a declaratory judgment that the policy provides no coverage for any claims arising out of the JGI-Keller relationship. In relevant part, the policy obligates Nautilus to cover damages that Keller is required to pay because of "property damage" caused by an

2

"occurrence."[1]  Both Nautilus and Keller filed motions for summary judgment.  The district court ruled in favor of Keller holding, *inter alia*, that JGI's claims against Keller arguably stated an occurrence that gave rise to property damage and held that Nautilus had a duty to defend and to indemnify Keller.  Nautilus timely appealed.

**ANALYSIS**

*Jurisdiction*

Keller argues that this court lacks appellate jurisdiction over this action because, Keller alleges, the district court resolved only whether Nautilus had a duty to defend Keller and not whether Nautilus had a duty to indemnify Keller.  The Texas Supreme Court has stated that where, as here, a trial court finds that there is a duty to defend and "coverage may turn on the facts actually proven in the underlying lawsuit," it may "be necessary to defer the resolution of indemnity issues until the liability litigation is resolved."  *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).  The parties here agree that, because the district court found a duty to defend and because

---

[1] The policy provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of a 'bodily injury' or 'property damage' to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages.  ...  This insurance applies to 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence'; and (2) The 'bodily injury' or 'property damage' occurs during the policy period."

3

the question of a duty to indemnify would turn on the facts proven in the underlying litigation between JGI and Keller, it would have been proper for the court to defer the question of whether Nautilus has a duty to indemnify Keller until after the litigation.

But, rightly or wrongly, the district court held that Nautilus had both a duty to defend Keller and a duty to indemnify Keller and entered a "Final Judgment" granting Keller's motion for summary judgment. Whether an order is subject to appeal depends on its effect and whether it has the attributes of finality. *Glen Oaks Utilities, Inc. v. City of Houston*, 280 F.2d 330, 333 (5th Cir. 1960). Because the district court's order ended the litigation on the merits, it was final.[2] *Quackenbush v. Allstate Ins. Co.*, 517

---

[2] Keller argues that the judgment does not adjudicate the question of whether Nautilus has a duty to indemnify Keller from JGI's claims. The "Final Judgment" grants Keller's motion for summary judgment, and Keller asserts that it moved for summary judgment that Nautilus did owe a duty to defend. But the first paragraph of Keller's motion for summary judgment states: "[Keller] request[s] that the Court adjudicate under Rule 56 of the Federal Rules of Civil Procedure that [Nautilus] does owe [Keller] a defense and indemnity on the claims against [Keller] by [JGI] in the underlying case out of which this coverage dispute arose." It is true that, at the conclusion of the motion, Keller only mentioned the duty to defend. This inconsistency raises a question as to the effect of the district court's order.

If there is some ambiguity in the judgment regarding its finality, this court will treat the decision as a final order if the district court intended to effect a final dismissal of the claim. *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 849 n.4 (5th Cir. 1990). The district court titled the order "Final Judgment" and included the statement: "This is a Final Judgment." In its supporting memorandum opinion, the court stated: "The Court finds that Nautilus does have a duty to defend and indemnify Keller in the underlying state case.... Accordingly

4

U.S. 706, 712 (1996).  Whether the district court's conclusions were incorrect or premature is of no jurisdictional import.

*Standard of Review*

We review a district court's grant of summary judgment *de novo*.  *Baton Rouge Oil & Chem. Workers Un. v. Exxon Mobil Corp.*, 289 F.3d 373, 376 (5th Cir. 2002).  We will grant summary judgment if there is no genuine dispute as to any issue of material fact and the moving party is entitled to judgment as a matter of law.  *Id.*

*JGI's claims against Keller do not allege "property damage" and, thus, do not fall under the terms of the policy.*

We will address only the question of whether JGI's claims against Keller potentially state a claim for property damage, as that issue is dispositive.  Under Texas law, "[a]n insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy."  *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002).  This "eight corners" doctrine means that if the underlying claim against the insured does not allege facts that fall within the scope of the policy, the insurer has no duty to defend the insured.  *Id.*  But an insurer is

---

... [Keller's] motion for summary judgment is GRANTED."  It is clear that the district court ruled on both the duty to defend and the duty to indemnify, thus ending the litigation on the merits, and accordingly entered a final judgment.

5

obligated to defend the insured if there is even potentially a case under the complaint within the coverage of the policy. *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). All doubts regarding an insurer's duty to defend are resolved in favor of the insured. *King*, 85 S.W.3d at 187.

Under the policy in question, property damage includes the "[l]oss of use of tangible property that is not physically injured." Texas law states that "tangible property is commonly understood to be property that is capable of being handled or touched." *Lay v. Aetna Ins.*, 599 S.W.2d 684, 686 (Tex. Civ. App. -- Austin 1980, writ ref'd n.r.e.). It has also been defined as ". . . such property as may be seen, weighed, measured, and estimated by the physical senses." *Id.* (citing 73 C.J.S. Property § 5 (1951)). The district court held that JGI alleged that Keller's misrepresentations "caused the loss of the use of the leasehold interest in the billboard" and that such an allegation potentially falls within the coverage of the policy.

Keller defends the district court's holding, arguing that JGI claims that it lost a leasehold interest in real property and that a leasehold interest in real property constitutes tangible property.[3] Assuming without deciding that a leasehold interest in

---

[3] Keller also points out that JGI claims that it lost the use of the billboard structure. But the billboard structure never existed. A nonexistent billboard is not tangible property; thus, the loss of its use cannot constitute the loss of use of tangible property.

real property could constitute tangible property, a review of the pleadings in the underlying suit shows that JGI did not in fact have a leasehold interest in real property.

JGI's petition indicates that the contract between JGI and Keller stated that the parties would "jointly build the Sign, sell the sign for approximately $400,000, and split the proceeds fifty/fifty."  The contract obligated Keller to "secure the lease with Wal-Mart/Sam's" and obligated JGI to "secure the permit." This agreement did not create a lease between Keller and JGI; it only contractually obligated the parties to undertake different tasks in an effort to build and sell the sign.

JGI's petition also indicates that JGI and Keller signed a second document, titled a "Land Lease Agreement," which JGI attached to its petition and incorporated into its petition.  But this agreement simply purports to grant JGI permission to apply for a billboard permit from TXDOT.[4]  Thus, like the contract, this agreement did not grant JGI a leasehold interest in the land. Additionally, even if the agreements had purported to give JGI a leasehold interest in the land, JGI would not have had a leasehold interest in real property because, according to JGI's allegations, Keller did not have the authority to grant JGI a lease in the

---

[4] The agreement provides: "As owner of 1407 Loop 336 W. I-45, Mr. Ray Keller is authorizing John Gannon Inc. permission to obtain all permits to erect a billboard on Mr. Ray Keller's property at 1407 – I-45 Loop 336 W."

7

property.  And JGI has not alleged any action on behalf of Wal Mart or Frances Coberly that would have given Keller apparent authority to enter into such a lease.

JGI therefore never had a leasehold interest in real property[5] but only had a contractual relationship with Keller that gave JGI certain expectancies.  Any damages for breach of contract, negligent misrepresentation, or fraud to which JGI may be entitled are purely economic damages that do not fall within the definition of property damage.  *See, e.g., State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 737 (Tex. App. -- Ft. Worth, 1996, writ denied) (holding that home buyers had alleged economic damages - not property damages - by claiming that they did not get the home they had bargained for because the sellers had misrepresented the condition of the home).  Thus, Nautilus has no duty to defend Keller against JGI's claims and, for the same reason, no duty to indemnify Keller for any damages stemming from those claims.[6]

**CONCLUSION**

---

[5] Keller argues that the policy does not require that the claimant allege ownership of the tangible property.  But the policy does require the "loss of use of tangible property," and JGI cannot have lost the use of the real property in question if JGI never had the use of that property.

[6] "[T]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

8

JGI's claims against Keller do not allege property damage. Nautilus thus has no duty to defend or indemnify Keller against JGI's claims. The district court's decision granting summary judgment in favor of Keller is reversed. Nautilus' motion for summary judgment is granted, and judgment is rendered accordingly. JUDGMENT FOR KELLER REVERSED; JUDGMENT FOR NAUTILUS RENDERED.